FILED IN OPEN COURT
7-16-2024
CLERK, U S DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO. 3:24-cr-87-MMH-SJH

JOSUE GARRIGA III
   a/k/a "Sway"

## NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis, stating as follows:

### MAXIMUM PENALTIES

The defendant has expressed a desire to enter a plea of guilty to the offense charged in Count One of the Indictment. Count One charges the defendant with enticement, and attempted enticement, of a child to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b).

Count One carries a mandatory minimum term of imprisonment of not less than ten years and up to life, a fine of not more than $250,000, or both imprisonment and a fine, a term of supervised release of not less than five years up to life, and a mandatory special assessment of $100.

Pursuant to 18 U.S.C. § 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony

offense under Title 18, United States Code, Chapter 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than five years and up to life. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to five years.

With respect to this offense, and pursuant to 18 U.S.C. §§ 2429, 3663, 3663A and/or 3664, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

In addition, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Additionally, the defendant must forfeit property as outlined in the indictment, pursuant to the provisions of 18 U.S.C. § 2428. The assets to be forfeited specifically include, but are not limited to, the following: one black Apple iPhone and one Blue Apple iPhone 13 with a white sticker on the back, which assets were used in the offense and seized from the defendant on or about March 27, 2024.

## ESSENTIAL ELEMENTS

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First</u>: That the Defendant knowingly persuaded, induced, enticed, or coerced an individual to engage in sexual activity, as charged;

<u>Second</u>: That the Defendant used a cellular telephone or the internet to do so;

<u>Third</u>: That at the time the Defendant did so, the individual was less than eighteen years old; and

<u>Fourth</u>: That the Defendant could have been charged with a criminal offense under the laws of the State of Florida.

## PERSONALIZATION OF ELEMENTS

**As to Count One**:

1. From in or about July 2023, through on or about March 7, 2024, in the Middle District of Florida, did you knowingly persuade, induce, entice, or coerce Minor Victim 1, a girl who was 17 years old, to engage in sexual activity, as charged in the Indictment?

2. Did you use a cellular telephone and the internet to do so? Specifically, did you use a cellular telephone, Instagram, iMessage, and WhatsApp Messenger?

3. At the time you did so, was Minor Victim 1 17 years old?

4. Could you have been charged with unlawful sexual activity under Florida Statute 794.05(1)? Specifically:

    a. Were you 24 years of age or older?

    b. Did you engage in sexual activity, as defined by Florida Statute, with Minor Victim 1, who was 17 years old, to include anal and vaginal penetration of Minor Victim 1 using your finger as well as union between your penis and Minor Victim 1's mouth, none of which was done for a bona fide medical purpose?

3

## FACTUAL BASIS

1. <u>Purpose</u>

The following facts are set forth to aid the Court in making an inquiry to satisfy it that there is a factual basis for the plea of guilty in accordance with Rule 11(f), Fed. R. Crim. P. The government reserves its right to provide all relevant information concerning the defendant and the offense committed to the Probation Office and the Court for sentencing purposes.

2. <u>Facts</u>

During the time periods discussed herein, Josue GARRIGA III resided in St. Johns County, Florida, and worked in Duval County, Florida, both within the Middle District of Florida. GARRIGA was an adult aged 34 years and Minor Victim 1 was a child aged 17 years during the time periods discussed herein.

Sometime in late summer 2023, GARRIGA and Minor Victim 1 became acquainted with one another because they both attended the same church located in St. Johns County, Florida. Minor Victim 1 assisted with manning a coffee station before church service. At various times while she worked at the coffee station, GARRIGA touched Minor Victim 1 in an intimate manner, including reaching up Minor Victim 1's skirt.

At some point, GARRIGA reached out to Minor Victim 1 via his work cell phone[1] using an Instagram account to which he had access. GARRIGA obtained

---

[1] Specifically, a Blue Apple iPhone 13 with a white sticker on the back.

4

Minor Victim 1's cell phone number and began contacting her using his personal cell phone[2] via iMessage. GARRIGA then asked Minor Victim 1 to begin communicating with him over WhatsApp Messenger. On October 26, 2023, GARRIGA activated a feature of WhatsApp Messenger that caused the messages exchanged between him and Minor Victim 1 to be automatically deleted after 24 hours.

GARRIGA, using his personal cell phone, requested that Minor Victim 1 send nude photos to him, which Minor Victim 1 did. GARRIGA also sent multiple nude photos of himself to Minor Victim 1. GARRIGA regularly spoke with Minor Victim 1 over Facetime video chats. On at least one occasion around October or November 2023, GARRIGA asked Minor Victim 1 to live stream herself masturbating via Facetime, which she did. During this Facetime session, Minor Victim 1 placed her cell phone's camera so that the live stream depicted her vulval/vaginal area as she masturbated. On other occasions, GARRIGA requested Minor Victim 1 to Facetime him while she showered; Minor Victim 1 complied with this request on multiple occasions. A forensic review of Minor Victim 1's cell phone revealed more than 120 completed Facetime sessions with GARRIGA.

On at least two occasions, GARRIGA traveled in his work vehicle to Minor Victim 1's neighborhood in Clay County, Florida, and parked a few doors down from her house. Minor Victim 1 entered GARRIGA's vehicle on these occasions.

---

[2] Specifically, a black Apple iPhone.

5

On at least one occasion while Minor Victim 1 was in GARRIGA's vehicle, GARRIGA used his finger to penetrate Minor Victim 1's vagina and anus.

On February 27, 2024, GARRIGA sent the following messages to Minor Victim 1 via WhatsApp:

> I miss ur face
>
> I miss getting pics from you too so crappy not seeing you as much as I was so use to seeing you and I def need a hug when we can see each other
>
> I feel like I went from seeing your everyday on ft [Facetime] and seeing just your face body all the time … to just nothing but glad you're back!
>
> You looked amazing on Sunday btw
>
> But it will be good , good to talk again. I know for me I think about you every day
>
> I miss meeting up with you! When can we meet up again
>
> You ok with me sending pics again?
>
> Where my favorite shorts at?
>
> I miss those! Big time lol
>
> I had a dream about you last week
>
> When do you shower ?
>
> What is your hw [homework] for today?
>
> I'm going to bed, I'll text you in the am like I use too . You can still send me pics I'll just wake up to them ! So happy again lol
>
> So hot

6

On March 6, 2024, GARRIGA messaged Minor Victim 1 "Pre stains in my shorts cuz of you" referring to pre-ejaculate. Also on March 6, 2024, GARRIGA and Minor Victim 1 made plans via text message to meet up at a coffee shop in Orange Park, Florida, where Minor Victim 1 was working on homework. After GARRIGA arrived, he convinced Minor Victim 1 to exit the coffee shop and go to his work vehicle that was parked in the parking lot. While inside of GARRIGA's work vehicle, GARRIGA digitally penetrated Minor Victim 1's vagina. Minor Victim 1 expressed a desire to leave the vehicle and repeatedly tried to exit the vehicle but was stopped by GARRIGA pulling the door closed. GARRIGA

repeatedly asked Minor Victim 1 for oral sex until she relented and agreed to put her mouth on his penis so that she could leave.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:  *[signature]*
        LAURA COFER TAYLOR
        USA No. 170
        E-mail: laura.c.taylor@usdoj.gov

        KELLY S. MILLIRON
        Florida Bar No. 1018917
        E-mail: kelly.milliron@usdoj.gov

        Assistant United States Attorneys
        300 North Hogan Street, Suite 700
        Jacksonville, Florida 32202-4270
        Telephone: (904) 301-6300
        Facsimile: (904) 301-6310

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, the foregoing was filed in open court and a copy was hand-delivered to the following:

>Alan Ceballos, Esq.
>*Counsel for Defendant*

*[signature]*
LAURA COFER TAYLOR
Assistant United States Attorney